IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ZACHARY HENSLEY,

        Plaintiff,

v.                                           CIVIL ACTION NO.   2:22-cv-00599

SANITARY CONTAINER
SERVICE, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendants' *Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)* (Document 14), the *Brief in Support of Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)* (Document 15), and the Plaintiff's *Response to Defendants' Motion to Dismiss* (Document 18), as well as the Plaintiff's *Amended Complaint* (Document 6).   For the reasons stated herein, the Court finds that the motion should be denied.

**FACTUAL ALLEGATIONS**

The Plaintiff, Zachary Hensley, initiated this action with a *Complaint* (Document 1) filed on December 22, 2022, naming Sanitary Container Service, Inc. as a Defendant.   He filed the Amended Complaint on March 10, 2023, prior to any responsive pleading.   The Amended Complaint names Allied Waste Services of North America, LLC, BFI Waste Systems of North America, LLC, and Republic Services Alliance Group, Inc., as Defendants.   Mr. Hensley lives in

Logan County, West Virginia.   He alleges that each Defendant is a Delaware corporation with a principal place of business in Maricopa County, Arizona.

Mr. Hensley was employed by Allied in March of 2021, including work at BFI's premises. His "duties included loading and unloading bags of waste in Defendant BFI's parking lot, while standing on the back end of the truck."  (Am. Compl. at ¶ 10.)   He began work at around 3:30 a.m. and relied on artificial lighting.   He suffered serious injuries after falling from a vehicle while performing his job duties because there was insufficient light to see where he was placing his feet. He alleges, upon information and belief, that the property was owned by Defendant BFI and utilized and commercially leased to Defendant Allied and/or Republic, and the trucks were owned by Defendant BFI, Defendant Allied, and/or Defendant Republic.   The parking lot did not have enough lighting and many of the lights were not operational or were too dim.   Many of the lights on the trucks were not operational, despite previous complaints about insufficient lighting on the truck(s).   The Plaintiff further alleges that the lack of adequate lighting violated a regulation requiring employers to ensure adequate lighting for employees.[1]

Mr. Hensley asserts the following causes of action: Count 1 – Negligence, against BFI; Count 2 – Statutory Liability, against Allied; and Count 3 – Negligence, against Republic.   He seeks compensatory damages, including *inter alia* medical expenses, pain and suffering, lost wages, attorney's fees and costs, and punitive damages.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or

---

1 As required at this stage of the proceedings, the Court accepts the factual allegations as true.

pleading.  *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008).  Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Additionally, allegations "must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements."  *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor."  *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).  However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim.  *Iqbal,* 556 U.S. at 679.  Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments."  *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570).   In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570).   A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557).   "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal,* 556 U.S. at 679.

## DISCUSSION

The Defendants assert that the Plaintiff's amended complaint was improperly filed without obtaining leave of the Court or written consent of the opposing party.   In addition, the Defendants argue that "[b]ecause the plaintiff was employed by Allied Waste, because the subject real property was owned by Allied Waste and was not subject to any lease, and because the 1999 Ford garbage truck on which plaintiff was standing was owned by Allied Waste," the other named Defendants should be dismissed.

The Plaintiff argues that his amended complaint was properly filed as a matter of course pursuant to Rule 15(a)(1)(A) and Rule 15(a)(1)(B).   He contends that, because the original complaint was not properly served on the then-named Defendant, which was no longer a legitimate West Virginia company, the amendment was filed within 21 days after service.   In addition, no responsive pleading had been filed, and so he contends that it was filed prior to 21 days after a

4

responsive pleading.   The Plaintiff further argues that there is evidence supporting the allegation that BFI and Republic have potential liability, and that additional discovery is necessary to determine whether they are proper parties.

Rule 15(a)(1) permits an amended pleading as a matter of course within "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a response pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."   Leave to amend in other cases should be freely granted.   Fed. R. 15(a)(2). The Plaintiff filed his original complaint on December 22, 2022, and the summons was accepted by the Secretary of State on January 9, 2023, for service as to Sanitary Container Service (Document 4).   A docket entry dated January 24, 2023, reflects that it was returned unexecuted. The Plaintiff then filed his amended complaint, naming the three current Defendants, on March 10, 2023.   These Defendants were named for the first time in the Amended Complaint.   Because none of the present Defendants had been served with the original complaint, the Court refuses to consider their argument that the amendment through which they were first named was improper. If leave were required, the Court would have freely granted it.   However, in the Court's view, the Rules do not restrict pre-service amendments.

The Court also refuses to consider the extrinsic evidence regarding ownership and control of the property and trucks at issue, and the corporate relationships involved.   The Plaintiff has alleged that all three Defendants may be liable because they owned, used, or leased the premises and/or trucks.   The Court cannot evaluate whether he will be able to prove his allegations against

each Defendant prior to discovery.[2]   Therefore, the Court finds that the motion to dismiss should

be denied.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the

Defendants' *Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)*

(Document 14) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to

any unrepresented party.

ENTER:      July 5, 2023

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

2 The Court notes that counsel in similar situations are often able to cooperate in dismissing and/or substituting
parties to ensure that litigation proceeds against the correct entities.